**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-CV-22769-MOORE/Elfenbein

**RICHARD RALPH MALCOM**,

      Plaintiff,

v.

**CITY OF MIAMI-DADE COUNTY**, *et al.*,

      Defendants.

_____/

<u>**REPORT AND RECOMMENDATION**</u>

**THIS CAUSE** is before the Court on Plaintiff Richard Ralph Malcom's *pro se* civil rights Complaint filed pursuant to 42 U.S.C. § 1983 (the "Complaint"), ECF No. [1], and Motion for Leave to Proceed *in forma pauperis* (the "Motion"), ECF No. [4].  The Honorable K. Michael Moore has referred this case to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters."  ECF No. [7].  After reviewing the Complaint, record, and relevant law, I recommend that the Complaint, **ECF No. [1]**, be **DISMISSED WITH PREJUDICE**, pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), and that the Motion, **ECF No. [4]**, be **DENIED AS MOOT**.

**I.      BACKGROUND**

In the Complaint, Plaintiff alleges a "gross violation of [his] legal right to due process of law[,]" ECF No. [1] at 4, when Defendants (1) Katherine Fernandez Rundle, Miami-Dade County State Attorney, (2) Juan Fernandez-Barquin, Clerk of the Court of Miami-Dade County, (3) the

"City of Miami-Dade County,"[1] and (4) the "trial court of Miami-Dade County"[2] (collectively

"Defendants") conspired to change Plaintiff's withhold of adjudication from a 1996 plea deal to a

felony conviction in November 2003, *see id.* at 1, 3-4.

In 1996 — when he 19 years old and a resident alien, Plaintiff accepted a plea deal resulting

in a one-year probationary sentence with a withhold of adjudication for charges that are

undisclosed in the Complaint. *See id.* at 3. Plaintiff claims that his attorney improperly refrained

from filing a motion to dismiss the charges because the alleged victim, B.B., agreed to an out-of-

court settlement. *See id.* at 3-4. Plaintiff also alleges that both the Trial Court of Miami-Dade

County and his attorney failed to inform him of the immigration consequences of his plea. *Id.*

One year later, an unidentified individual or entity instructed Plaintiff to return to the trial

court, where he was arrested. *See id.* at 3. Presumably to secure his release, Plaintiff "took a plea

under duress for six months." *Id.* After he was released from custody, Plaintiff went "to the clerk

of [an unidentified] court" and asked to file a post-conviction motion based on ineffective

assistance of counsel. *See id.* However, upon reviewing the court's records, Plaintiff learned that

his felony conviction did not appear in his court file and, thus, decided against filing a post-

conviction motion. *See id.*

Plaintiff joined the Navy on February 8, 2002 and did not receive a felony waiver upon

enlisting because he did not have a felony record. *See id.* Then, in October 2003, Plaintiff was

arrested as a felon in possession of a concealed firearm and was charged accordingly. *See id.* After

---

[1] Plaintiff repeatedly refers to this Defendant as the "City of Miami-Dade County." It is unclear whether Plaintiff intends to sue the City of Miami or Miami-Dade County. Regardless of which governmental entity he intends to sue in this action, as explained below, the result is the same — dismissal. For ease of reference, this Report refers to this Defendant going forward as "Miami-Dade County."

[2] Presumably Plaintiff intends to sue the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County; however, he refers to this Defendant in the Complaint as the "trial court of Miami-Dade county". Going forward, this Report refers to this Defendant as the "Trial Court of Miami-Dade County."

being released, Plaintiff filed multiple motions arguing that the State Attorney's Office for the

Eleventh Judicial Circuit in and for Miami-Dade County, Florida, the Trial Court of Miami-Dade

County, and the Miami-Dade Clerk of Court violated his rights to due process. *See id.*  The Florida

Third District Court of Appeal eventually designated Plaintiff a restricted filer due to the numerous

filings relating to the alleged due process violations. *See id.*

In November 2016, Immigration and Customs Enforcement ("ICE") took Plaintiff into

custody for deportation and confiscated his alien resident card. *See id.*  Upon his release from ICE

detention, Plaintiff applied for a replacement card, which he never received. *See id.*  Plaintiff later

applied for American citizenship based on his military service and became a naturalized citizen on

May 24, 2024. *See id.*

On July 18, 2024, after becoming a citizen of the United States, Plaintiff filed the instant

Complaint on the grounds that his 1996 "with[]hold of adjudication" plea unjustly turned into a

felony conviction, which prevented him from filing a timely motion for ineffective assistance of

counsel, and that neither the trial court nor his attorney informed him of the immigration

consequences of his plea. *Id.* at 4.  For his alleged injuries, Plaintiff seeks "any and all legal relief

including $100,000,000 . . . from each [D]efendant." *Id.* at 2.

## II.    LEGAL STANDARDS

The screening provisions of 28 U.S.C. § 1915(e) apply because Plaintiff is proceeding *in*

*forma pauperis* after not paying the Court's filing fee. *See* 28 U.S.C. § 1915(e).  Under the statute,

courts are permitted to dismiss a lawsuit when "the court determines that . . . (B) the action or

appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;

or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.

§ 1915(e)(2).  As "section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure

12(b)(6)," courts "apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a) (alterations added). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; other alteration added; citation and quotation marks omitted).

Courts are also required to "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III.   DISCUSSION

The Complaint in this case should be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) and (iii), because (1) Plaintiff alleges Defendants violated his Fourteenth Amendment right to due process but fails to provide sufficient factual matter to state such a claim and (2) Defendants are entities and judicial officers that are immune from suit in actions arising under § 1983. I explain my reasoning below.

A.      **Failure to State a Claim**

The Due Process Clause protects individuals against deprivations of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV.  Additionally, "[a] § 1983 action alleging a procedural due process clause violation requires proof of three elements: a deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process." *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994).  For the second element of a procedural due process claim, "the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (footnote call number omitted).  And as to the third element, it is recognized that "[d]ue process is a flexible concept that varies with the particular situation." *Cryder*, 24 F.3d at 177.

Plaintiff fails to satisfy the second and third elements of a procedural due process clause violation.  First, Plaintiff does not allege that Defendants refused to provide him with "a suitable postdeprivation remedy." *Hudson*, 468 U.S. at 533.  Plaintiff also does not allege that the process available to address the deprivation of his unidentified "constitutionally-protected liberty or property interest" was inadequate. *Cryder*, 24 F.3d at 177. Furthermore, Plaintiff's allegations provide the Court with neither fact nor detail concerning the assertions in the Complaint that the Defendants acted to conspire against him. *Iqbal*, 556 U.S. at 678 (holding that a complaint fails to state a claim if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" (alteration adopted; quoting *Twombly*, 550 U.S. at 555, 557)).  In sum, Plaintiff's Complaint is subject to dismissal without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to plausibly allege grounds upon which the Court could grant relief.

### B. <u>Immunity</u>

Pleading deficiency aside, the Complaint is subject to dismissal with prejudice under 28 U.S.C. § 1915(e)(2)(iii) because Defendants' immunity bars Plaintiff's sole claim for monetary relief.

#### 1.     *Miami-Dade County State Attorney Katherine Fernandez Rundle*

Miami-Dade County State Attorney Katherine Fernandez Rundle ("Rundle") is immune from § 1983 claims under the doctrine of prosecutorial immunity.  A prosecutor is shielded from liability under § 1983 for "initiating a prosecution" and "presenting the State's case," and for actions that are "intimately associated with the judicial phase of the criminal process[,]" including acts "preliminary to the initiation of a prosecution and actions apart from the courtroom." *Imbler v. Pachtman*, 424 U.S. 409, 431 n. 33 (1976); *see Buckley v. Fitzsimmons*, 509 U.S. 259, 272, (1993); *see also Mikko v. City of Atlanta, Georgia*, 857 F.3d 1136, 1142 (11th Cir. 2017) (same). A prosecutor even possesses immunity for administrative actions when "acting within the scope of [her] discretionary authority when the allegedly wrongful acts occurred**."** *Mikko*, 857 F.3d at 1144.

The only allegations Plaintiff makes against Rundle is that she and the other Defendants "conspired to hide the fact that the clerk of court was reporting a with[]hold of adjudication in case F96-019774[.]" ECF No. [1] at 3.  Thus, Plaintiff's quarrel with Rundle relates to her prosecution of his case.  Therefore, because Plaintiff sues Rundle for actions she took when prosecuting his case, she is immune to the due process claim Plaintiff raises in the Complaint.

#### 2.     *Miami-Dade County Clerk of Court Juan Fernandez-Barquin*

Miami-Dade County Clerk of Court Juan Fernandez-Barquin ("Fernandez-Barquin") cannot be a defendant in a § 1983 action either because he possesses quasi-judicial immunity as it

relates to the allegations in the Complaint. Under § 1983, "[c]ourt clerks are entitled to absolute immunity from [suits for monetary damages] arising from acts they are specifically required to do under court order or at a judge's direction." *Daker v. Keaton*, No. 20-10798, 2021 WL 3556921, at *2 (11th Cir. Aug. 12, 2021) (citing *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)); *see also Cox v. Robinson*, No. 23-11201, 2023 WL 8948406, at *1 (11th Cir. Dec. 28, 2023) ("Clerks of the court have absolute immunity for a narrow range of acts that 'they are specifically required to do under court order or at a judge's direction, and only qualified immunity for all other actions for damages.'" (quoting *Tarter*, 646 F.2d at 1013)).

Here, Plaintiff does not substantiate his inclusion of Fernandez-Barquin in the Complaint with any actions that could have caused the alleged due process violations. The administrative actions that Plaintiff alleges against Fernandez-Barquin — entering a felony conviction on the docket — would be done pursuant to a court order, and, thus, Fernandez-Barquin would be shielded from § 1983 liability.

### 3. *Miami-Dade County*

Plaintiff likewise cannot sue Miami-Dade County for a § 1983 action on the basis that its employees violated Plaintiff's due process rights. Courts have interpreted § 1983 to support that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort" and that a "municipality cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

Under *Monell*, Miami-Dade County cannot be liable under § 1983 for the acts of its employees under a r*espondeat superior* theory. Plaintiff does not include any official policies

belonging to or actions taken by Miami-Dade County that could have contributed to Plaintiff's alleged injury. Instead, Plaintiff appears to list Miami-Dade County as a defendant primarily based on the alleged actions of Rundle and Fernandez-Barquin; and, as already discussed, Miami-Dade County cannot be sued pursuant § 1983 on that basis.

### 4.    *Trial Court of Miami-Dade County*

Finally, the doctrine of judicial immunity also shields the Trial Court of Miami-Dade County from § 1983 liability. The Eleventh Circuit has determined that state judges have complete judicial immunity for actions brought under § 1983. *See Bolin v. Story*, 225 F.3d 1234, 1239-1242 (11th Cir. 2000) (per curiam) (ruling that "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction…"); *Rolle v. Glenn*, 712 F. App'x 897, 899 (11th Cir. 2017).

Here, I construe the inclusion of the Trial Court of Miami-Dade County in Plaintiff's Complaint to refer to the judge who presided over Plaintiff's 1996 criminal case. Like the plaintiff in *Rolle*, Plaintiff here cannot sue a state court judge for actions concerning the Plaintiff's plea deal, the change of plea colloquy, and subsequent record filings. Plaintiff does not mention any specific actions taken "in the clear absence of jurisdiction" to plausibly allege a due process violation under § 1983 against any member of the state judiciary; thus, Plaintiff's claim against the Trial Court of Miami-Dade County must be dismissed under the doctrine of judicial immunity.

## IV.    CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that**:**

1. Plaintiff's *pro se* civil rights Complaint filed pursuant to 42 U.S.C. § 1983, **ECF No. [1]**, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

CASE NO. 24-CV-22769-MOORE/Elfenbein

2. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, **ECF No. [4]**, be **DENIED AS MOOT**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on August 16, 2024.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:    Counsel of Record

**Richard Ralph Malcolm**, *Pro Se*
P.O. Box 278204
Miramar, Florida 33027

9